IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JESSIKA MAZARIEGOS                                                                          PLAINTIFF

vs.                               Civil No. 2:17-cv-02210

NANCY A. BERRYHILL                                                     DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Jessika Mazariegos ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

      The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

      Plaintiff protectively filed her disability applications on October 13, 2015. (Tr. 27). In her applications, Plaintiff alleges she was disabled due to back problems and diabetes. (Tr. 228). Plaintiff alleges an onset date of October 13, 2015. (Tr. 27). These applications were denied initially and again upon reconsideration. (Tr. 62-102).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (Tr. 37-61, 118). Plaintiff's administrative hearing was held on August 25, 2016 in Fort Smith, Arkansas. (Tr. 37-61). At this hearing, Plaintiff was present and was represented by counsel, David Harp. *Id.* Plaintiff and Vocational Expert ("VE") Dr. Larry Sirus testified at the hearing in this matter. *Id.*

On November 25, 2016, the ALJ entered an unfavorable decision on Plaintiff's disability applications. (Tr. 17-31). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2017. (Tr. 25, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 13, 2015, her alleged onset date. (Tr. 25, Finding 2). The ALJ determined Plaintiff had the following severe impairments: non-insulin dependent diabetes mellitus, degenerative disc disease of the lumbosacral spine and bulging discs at L3-4, L4-5 and L5-S1 (20 CFR 404.1520(c) and 416.920(c)). (Tr. 25, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 25-26, Finding 4).

The ALJ determined Plaintiff had a high school education and was able to communicate in English. (Tr. 30, Finding 8). The ALJ also determined Plaintiff was thirty-six (36) years old, which is defined as a "younger individual" under 20 C.F.R. § 404.1563(c) (DIB) and under 20 C.F.R. § 416.963(c) (SSI). (Tr. 30, Finding 7).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 26-30, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

After careful consideration of the entire record, the undersigned finds that the claimant

2

has the residual functional capacity to perform the full range of sedentary work as
defined in 20 CFR 404.1567(a) and 416.967(a).

*Id.*

The ALJ determined Plaintiff was unable to perform any of her Past Relevant Work ("PRW"). (Tr. 30, Finding 6). The ALJ, however, found Plaintiff did retain the capacity to perform other work existing in significant numbers in the national economy. (Tr. 31, Finding 10). In making this determination, the ALJ applied the Medical-Vocational Guidelines or the "Grids." *Id.* Specifically, under Rule 201.28, Plaintiff was "not disabled." *Id.* Based upon this Rule, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from October 13, 2015 through the date of the decision or through November 25, 2016. (Tr. 31, Finding 11).

Plaintiff requested that the Appeals Council's review the ALJ's unfavorable disability determination. (Tr. 1-4). On October 26, 2017, the Appeals Council declined to review the ALJ's disability determination. *Id.* On November 9, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 21, 2017. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 17-18. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past

relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ's RFC determination is not supported by substantial evidence in the record; and (B) the ALJ's Step Five Determination was improper. ECF No. 17 at 1-14. The Court will address both of these arguments.

   A.  **RFC Determination**

Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence in the record. ECF No. 17 at 6-12. In her brief, Plaintiff argues the ALJ "failed to acknowledge that the medical evidence proves that . . . [she] . . . cannot perform the full range of sedentary work, and *he relied too heavily on the inconsequential fact, under the circumstances of this case, that her doctors did not set forth a list of restrictions on her activity*." ECF No. 17 at 12. Plaintiff argues this fact was "inconsequential" because Plaintiff was not working the majority of the time she was being treated; thus, there would be no reason for her doctors to place restrictions on her. *Id.*

Upon review, Plaintiff is correct that the ALJ did rely upon the fact that her physicians had placed no restrictions on her. However, the ALJ also made several other findings when assessing Plaintiff's RFC, and he thoroughly reviewed her medical records as well has her daily activities. Notably, the ALJ found Plaintiff had the following somewhat extensive daily activities:

> With regard to activities of daily living, the undersigned finds that the claimant has

5

described activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. According to the claimant's Function Reports, the claimant lives in a house with her family. On a typical day, she cleans her house, cooks for her family, helps her son with homework and on some days attends church. She is able to tend to her personal needs with no problems but does need help putting on her bra. She cares for her two dogs. Twice a day, she prepares complete meals. She cleans and does laundry with breaks. Her husband helps her with the yardwork. She can walk, ride or drive in a car and shops in stores and by mail once a week for an hour. She is able to handle finances with no problems. Her hobbies include reading and attending church. She stated she goes to church three to four times a week and visits with family. She attends her son's school events regularly. The claimant estimated she could walk three blocks before needing to rest for fifteen minutes. (Exhibits 7E, 12E). . . .

(Tr. 28).

The ALJ also fully considered Plaintiff's medical records. (Tr. 26-30). As the ALJ found, the one physician *who had placed* restrictions on Plaintiff was her consulting physician, who found that, although Plaintiff had "chronic back pain likely due to muscle spasms or degenerative disc disease," she still had "*mild* limitations with her ability to lift and bend for long periods due to back pain." (Tr. 29) (emphasis added). Although this medical evidence from a consulting physician is not substantial evidence by itself, this evidence still should be considered and given some weight. *See Charles v. Barnhart,* 375 F.3d 777, 783 (8th Cir. 2004) (recognizing that a consulting physician's opinion–standing alone–is generally not entitled to controlling weight).

Plaintiff also references her medical records demonstrating she has various impairments, but she does not provide specific medical documentation that she is as limited as she alleges or is unable to perform the full range of sedentary work. ECF No. 17 at 6-12. The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir. 2004). Based upon the medical evidence, and upon a review of the ALJ's analysis of Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue.

6

B.  **Step Five Determination**

Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence; accordingly, the ALJ's Step Five Determination, which relies upon the RFC determination, is also not supported by substantial evidence. ECF No. 17 at 12-14.  However, as outlined above, the Court finds no basis for reversing the ALJ's RFC determination.  As such, the Court likewise finds no basis for reversing the ALJ's Step Five determination.

4.  **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of January 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE